UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE C. SWINYER, JR., *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD MAGARIAN, *et al.*,<br><br>　　　　　　　Defendants. | Case No.  C06-5199RJB<br><br>ORDER TO SHOW CAUSE |

　　　　This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983.  To file a complaint and initiate legal proceedings plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

　　　　On April 10, 2006, the Clerk received plaintiff's complaint and application to proceed *in forma pauperis*. (Dkt. #1).  On April 13, 2006, the Clerk sent plaintiff a letter informing him that he must either pay the court filing fee or submit a proper application to proceed *in forma pauperis* by May 15, 2006, or this matter could be subject to dismissal. (Dkt. # 2).

　　　　Pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for

ORDER
Page - 1

the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff thus was required to submit a statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his complaint.

Accordingly, the court orders the following:

(1) Plaintiff shall seek to cure the above deficiency by paying the full $350.00 court filing fee or by providing the court with a copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) showing the balance and activity of his account(s) for the six-month period immediately preceding the filing of his complaint, **no later than May 26, 2006. Failure to cure this deficiency by the above date shall be deemed a failure to properly prosecute this matter and the court will recommend dismissal of this matter.**

(2) The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 9th day of May, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2