UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE C. SWINYER, JR., *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>DONALD MAGARIAN *et al.*,<br><br>   Defendants. | CASE NO.    C06-5199 RJB<br><br>**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND RE-REFERRING CASE TO MAGISTRATE JUDGE** |

This matter comes before the Court on Plaintiffs' Complaint (Dkt. 7) and the Report and Recommendation of United States Magistrate Judge Karen Strombom (Dkt. 8).  The Court has considered Plaintiffs' Complaint, the Report and Recommendation, Plaintiffs' objections to the Report and Recommendation, and the file herein.

### FACTUAL AND PROCEDURAL HISTORY

Plaintiff George Swinyer is currently a prisoner at the Washington Corrections Center in Shelton, Washington.  According to the complaint, Plaintiff was arrested on July 15, 2003, at his residence, after law enforcement received a phone call alleging acts of domestic violence.  Dkt. 1(2) at 3.  Plaintiff contends that, during the course of the investigation, he was forcibly subdued and arrested, and later pled guilty to assault in the second degree.  *Id.* at 9.  It is not clear from the Complaint whether Plaintiff pled guilty to assaulting a law enforcement officer or another individual, nor it is clear what other charges, if any, were brought against him.  *Id.*  Plaintiff's sentence is scheduled to end on July 14, 2006.  Dkt. 9 at 1.

On April 10, 2006, Plaintiff George Swinyer filed a Complaint in federal court, alleging violations of his civil rights under 42 U.S.C. § 1983.  Dkt. 1(2).  Plaintiff, who is *pro se* in this matter, makes several

allegations in his Complaint, some of which are ambiguous. *Id.* Moreover, while the Complaint is signed only by Plaintiff George Swinyer, it also names as plaintiffs four other individuals who appear to have been present at the Swinyer residence when the arrest occurred. *Id.* at 1-9. Because Plaintiff is *pro se*, the Court has construed the Complaint as broadly as reasonable under the circumstances, and has interpreted it to allege the following claims: (1) civil rights violations under 42 U.S.C. § 1983 for the use of excessive force against Plaintiff George Swinyer by several Defendant law enforcement officers during and immediately following his arrest, resulting in bodily injury and medical damages; the illegal search of Plaintiff George Swinyer's residence and person by Defendant law enforcement officers during and immediately following his arrest; and the illegal seizure of Plaintiff George Swinyer when arrested; (2) malicious prosecution by Defendants Thomas Duffy and Clark County against Plaintiff George Swinyer; (3) various negligence claims; (4) harassment of Plaintiff Jamiedee Swinyer and Plaintiff Robin Swinyer by unknown defendants, and (5) unspecified violations of the constitutional rights of all Plaintiffs under the First, Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution. *Id.* at 3-11. Plaintiffs seek (1) compensatory damages of $100,000 and future medical costs, and (2) the dismissal of all charges against Plaintiff George Swinyer in the criminal case, including all fines, costs, and restitution. *Id.* at 12.

On May 24, 2006, Judge Strombom recommended that the complaint in this matter be dismissed without prejudice as barred by *Heck v. Humphry*, 512 U.S. 477, 487 (1994), because plaintiff had not shown that his conviction or sentence had been invalidated. Dkt. 8 at 2. On June 6, 2006, Plaintiff filed an objection to the Report and Recommendation, arguing that a writ of habeas corpus would not adequately address many of his claims. Dkt. 9 at 2.

## DISCUSSION

A claim that relates to the fact and duration of confinement is not cognizable in a civil rights action unless the inmate can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphry*, 512 U.S. 477, 486-87 (1994). The proper avenue to challenge the fact or duration of confinement is to file a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, before a petition for writ of habeas corpus may be brought in federal court, state remedies must be exhausted. *Rose v. Lundy*, 455 U.S. 509 (1982)

The Report and Recommendation recommended that the court dismiss all claims as barred by *Heck v. Humphrey*. It is unclear at this point whether and which claims should be barred under *Heck v. Humphrey*. Further, although the Complaint is unclear, it appears that plaintiff George Swinyer may be attempting to bring claims that are independent from those claims that would be barred by *Heck v. Humphrey*. Plaintiff George Swinyer should be offered the opportunity to file an amended complaint, raising claims that are not barred by *Heck v. Humphrey*. See *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) (*pro se* litigants must be given leave to amend complaint unless it is absolutely clear that amendment would be futile).

The court should decline to adopt the Report and Recommendation. The case should be referred to the Magistrate Judge for further proceedings. While it appears that George Swinyer may be attempting to prosecute this action on behalf of other *pro se* individuals, the Magistrate Judge will deal with this issue by further order.

**ORDER**

Therefore, it is hereby

**ORDERED** that the court **DECLINES TO ADOPT** the Report and Recommendation (Dkt. 8). The matter is **RE-REFERRED** to the Magistrate Judge for further proceedings consistent with this order and with the original order of reference.

The Clerk is directed to send copies of the Order to all counsel of record, to any party appearing *pro se* at said party's last known address, and to Magistrate Judge Karen L. Strombom.

DATED this 7th day of July, 2006.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge