UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE C. SWINYER, JR.,<br><br>Plaintiff,<br><br>v.<br><br>DONALD MAGARIAN *et al.*,<br><br>Defendants. | Case No. C06-5199RJB<br><br>ORDER TO AMEND THE COMPLAINT |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff, George C. Swinyer, Jr., was given leave to proceed *in forma pauperis*. (Dkt. # 6). Also listed as plaintiffs in this action are Robin Swinyer, Jamiedee Swinyer, Felisha Perry and Peggy Swinyer. None of these plaintiffs attested to the complaint. (Dkt. # 7).

The court, having reviewed plaintiff's complaint, and the balance of the record contained herein, does hereby find and ORDER as follows:

(l)   The court declines to order that plaintiff's complaint be served on defendants until he corrects the deficiencies identified below:

(a)   In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*,

ORDER

Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

    (b)    In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

    ( c)    Plaintiffs Robin Swinyer, Jamiedee Swinyer, Felisha Perry and Peggy Swinyer have not properly appeared in this action pro se or through an attorney. These plaintiffs may not be represented by Plaintiff George C. Swinyer, Jr., who is not licensed to practice law in the State of Washington and is not on the roll of attorneys admitted to practice before this Court. Thus, this suit has not been properly commenced as to these plaintiffs.

    (2) Plaintiff is instructed to file an amended complaint curing, if possible, the above-mentioned defect by **August 31, 2006.** If an amended complaint is not timely filed, or if plaintiff fails to adequately correct the deficiencies identified in this Order, the Court will recommend dismissal of this action as frivolous.

    (3) The Clerk is directed to send plaintiff a copy of this Order and the General Order.

DATED this 18th day of July, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER