UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE C. SWINYER, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> DONALD MAGARIAN, *et al.*, <br><br> Defendant. | Case No. C06-5199 RJB/KLS <br><br> REPORT AND RECOMMENDATION <br><br> **NOTED FOR:** <br> **OCTOBER 20, 2006** |

    This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff was given leave to proceed *in forma pauperis.* (Dkt. # 6). After reviewing Plaintiff's Complaint, the undersigned recommended that the action be dismissed without prejudice prior to service pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). (Dkt. # 8). The District Court declined to adopt the Report and Recommendation and re-referred the matter to the undersigned. (Dkt. # 11). On July 19, 2006, Plaintiff was ordered to amend his complaint by August 31, 2006. (Dkt. # 12). Plaintiff has failed to so. In addition, the court's latest Order directed to Plaintiff was returned as undeliverable and Plaintiff has provided no new mailing address to the court. This report follows, recommending dismissal of this action with prejudice.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Following its initial review of the Plaintiff's complaint, the court advised plaintiff that it was declining to serve his complaint until several deficiencies are corrected.  First, Plaintiff was advised that he must allege facts showing how individually named Defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). Second, Plaintiff was advised that a defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

Third, Plaintiff was advised that Plaintiffs Robin Swinyer, Jamiedee Swinyer, Felisha Perry and Peggy Swinyer have not properly appeared in this action pro se or through an attorney.  These plaintiffs may not be represented by Plaintiff George C. Swinyer, Jr., who is not licensed to practice law in the State of Washington and is not on the roll of attorneys admitted to practice before this court.  Thus, this suit has not been properly commenced as to these Plaintiffs.  Plaintiff was also advised that none of the other named plaintiffs attested to the Complaint. (Dkt. # 7).

Accordingly, Plaintiff was instructed to file an amended complaint curing, if possible, the above-mentioned defects by August 31, 2006.  He was further advised that if he failed to adequately correct the deficiencies identified in the court's order, the court would recommended dismissal of his action as frivolous.  Plaintiff did not file an amended complaint by the August 31st deadline nor did he seek an extension of the deadline.

On July 24, 2006, the court's Order was returned as undeliverable from Plaintiff's last known address, which was provided by the Plaintiff on June 6, 2006. (Dkt. # 10).  Plaintiff has failed to keep the court advised of his current address.

## CONCLUSION

Plaintiff was ordered to amend his complaint. (Dkt. # 12).  Plaintiff has not complied with the court's order nor has he sought an extension of the deadline.  The court recommends the action be

REPORT AND RECOMMENDATION - 2

1  **DISMISSED WITH PREJUDICE**.  A proposed order accompanies this Report and
2  Recommendation.
3       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,
4  the parties shall have ten (10) days from service of this Report and Recommendation to file written
5  objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those
6  objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time
7  limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 20,**
8  **2006**, as noted in the caption.

10       DATED this 15th  day of September, 2006.

                                                    /s/ Karen L. Strombom
14                                                  Karen L. Strombom
                                                    United States Magistrate Judge

28  REPORT AND RECOMMENDATION - 3